UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:24-CR-47-KAC-DCP |
| STEPHONE LEE REED, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Stephone Lee Reed's Motion to Continue Revocation Hearing, Trial Date, and Relevant Deadlines [*United States v. Reed*, No. 3:24-CR-47, Doc. 11] and Motion to Continue Revocation Hearing, Trial Date, and Relevant Deadlines [*United States v. Reed*, No. 1:13-CR-126, Doc. 55], both of which were filed on August 15, 2024.

Defendant asks the Court to continue the trial date and all relevant deadlines in *United States v. Reed*, No. 3:24-CR-47, and the corresponding revocation hearing in *United States v. Reed*, No. 1:13-CR-126, by approximately ninety days [*United States v. Reed*, No. 3:24-CR-47, Doc. 11; *United States v. Reed*, No. 1:13-CR-126, Doc. 55]. In support, Defendant asserts that additional time is required to discuss factual and legal issues, as well as potential motions, and confer with the Government regarding a potential resolution in the matter [*United States v. Reed*, No. 3:24-CR-47, Doc. 11 ¶ 1]. He contends the time is necessary because he is detained in London, Kentucky [*Id.*]. The right to a speedy trial has been explained to Defendant, who understands that this time will be excluded for such purposes [*Id.* ¶ 3]. Defendant's motion reflects that the Government does not oppose the motion for a continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant, determine if any pretrial motions are appropriate, and otherwise prepare for trial. The Court finds that all of this cannot occur before the September 17, 2024 trial and revocation hearing date.

The Court therefore **GRANTS** Defendant Stephone Lee Reed's Motion to Continue Revocation Hearing, Trial Date, and Relevant Deadlines [*United States v. Reed*, No. 3:24-CR-47, Doc. 11] and Motion to Continue Revocation Hearing, Trial Date, and Relevant Deadlines [*United States v. Reed*, No. 1:13-CR-126, Doc. 55]. The date for the trial and the revocation hearing is reset to **December 17, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motions on August 15, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Stephone Lee Reed's Motion to Continue Revocation Hearing, Trial Date, and Relevant Deadlines [*United States v. Reed*, No. 3:24-CR-47, Doc. 11] and Motion to Continue Revocation

2

Hearing, Trial Date, and Relevant Deadlines [*United States v. Reed*, **No. 1:13-CR-126, Doc. 55**] are **GRANTED**;

(2) the trial date in *United States v. Reed*, No. 3:24-CR-47, and corresponding revocation hearing in *United States v. Reed*, No. 1:13-CR-126, are reset to commence on **December 17, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **August 15, 2024**, and the new trial date of **December 17, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 15, 2024**;

(5) the deadline for filing motions *in limine* is **December 2, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 3, 2024, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 6, 2024**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge