UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-047-KAC-DCP |
| | ) | No. 1:13-CR-126-KAC-DCP |
| STEPHONE LEE REED, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Stephone Lee Reed's Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [*United States v. Reed*, No. 3:24-CR-47, Doc. 14] and Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [*United States v. Reed*, No. 1:13-CR-126, Doc. 58], both of which were filed on November 19, 2024.

Defendant asks the Court to continue the plea deadline and trial date in *United States v. Reed*, No. 3:24-CR-47 [Doc. 14], and the corresponding revocation hearing in *United States v. Reed*, No. 1:13-CR-126 [Doc. 58], by approximately sixty days. In support of his motion, Defendant asserts that he requires time to discuss factual and legal issues as well as potential motions and confer with the Government to potentially resolve the matter [Doc. 14 ¶ 1]. He notes that he is detained in London, Kentucky, which requires additional time to communicate with his counsel [*Id.*]. He contends that the parties are actively communicating about a potential resolution, which they hope to reach shortly [*Id.*]. Defendant understands that the time between filing these motions and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Defendant represents that counsel for the Government does not object to the proposed continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to discuss factual and legal issues, engage in plea negotiations, and otherwise prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the December 17, 2024 trial date.

The Court therefore **GRANTS** Defendant Stephone Lee Reed's Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [*United States v. Reed*, **No. 3:24-CR-47, Doc. 14**] and Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [*United States v. Reed,* **No. 1:13-CR-126, Doc. 58**]. The date for the trial and the revocation hearing is reset to **June 3, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motions on November 15, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Stephone Lee Reed's Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [*United States v. Reed*, **No.**

**3:24-CR-47, Doc. 14**] and Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [*United States v. Reed*, **No. 1:13-CR-126, Doc. 58**] are **GRANTED**;

(2) the trial date in *United States v. Reed*, No. 3:24-CR-47, and corresponding revocation hearing in *United States v. Reed*, No. 1:13-CR-126, are reset to commence on **June 3, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **November 15, 2024**, and the new trial date of **June 3, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 5, 2025**;

(5) the deadline for filing motions *in limine* is **May 19, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 20, 2025, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 23, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge