UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-47-KAC-DCP |
| | ) | No. 1:13-CR-126-KAC-DCP |
| STEPHONE LEE REED, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Stephone Lee Reed's Unopposed Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [*United States v. Reed*, No. 3:24-CR-47, Doc. 23; *United States v. Reed*, No. 1:13-CR-126-KAC-DCP, Doc. 70], filed on September 23, 2025.

Defendant asks the Court to continue the plea deadline and trial date in *United States v. Reed*, No. 3:24-CR-47, and the corresponding revocation hearing in *United States v. Reed*, No. 1:13-CR-126 by approximately sixty days. In support of his motion, Defendant asserts that plea negotiations are underway, but defense counsel requires additional time to further contemplate a potential resolution in the matter [Doc. 23 ¶ 1]. Defense counsel states that additional time will be necessary to receive documentation and review with Defendant [*Id.*]. Furthermore, Defendant is detained remotely in London, Kentucky, and additional time is needed to travel to meet with Defendant and discuss his concerns, which has been difficult given the facility's staffing issues and lack of available appointment times [*Id.*]. Defendant understands that the period of time between the filing of the motion for continuance and a rescheduled court date will be fully

excludable for speedy trial purposes [*Id.* ¶ 3]. Defendant's motion reflects that counsel for the Government does not object to extending the deadlines [*Id.* ¶ 4].

Based upon the information in Defendant's motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the October 21, 2025 trial date.

The Court therefore **GRANTS** Stephone L. Reed's Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [***United States v. Reed*, No. 3:24-CR-47, Doc. 23;** ***United States v. Reed*, No. 1:13-CR-126, Doc. 70**]. The date for the trial and the revocation hearing is reset to **February 17, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motions on September 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Stephone L. Reed's Motion to Continue Revocation Hearing, Trial Date, and Plea Deadline [***United States v. Reed*, No. 3:24-CR-47, Doc. 23**; ***United States v. Reed*, No. 1-13-CR-126, Doc. 70**] is **GRANTED**;

(2) the trial date in *United States v. Reed*, No. 3:24-CR-47, and corresponding revocation hearing in *United States v. Reed*, No. 1:13-CR-126, are reset to commence on **February 17, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **September 23, 2025**, and the new trial date of **February 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 16, 2026**;

(5) the deadline for filing motions *in limine* is **February 2, 2026**; responses are due on or before **February 10, 2026;**

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 29, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 6, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge