UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-47-KAC-DCP |
| | ) | |
| STEPHONE LEE REED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Stephone Reed's Motion to Continue Plea Deadline [Doc. 27] and trial date, filed on January 23, 2026.

On January 20, 2026, the undersigned granted Defendant's request to extend the January 16, 2026 plea deadline to January 26, 2026, to permit time for defense counsel to meet with Defendant Reed to review and sign a plea offer [Doc. 26; *see* Doc. 25]. Defendant now asks the Court for an additional seven-day extension of the plea deadline because counsel was unable to secure an appointment to meet with Defendant at the Laurel County Correctional Center ("LCCC") in Kentucky until January 27, 2026 [Doc. 27 ¶¶ 2–3]. Counsel also expresses concern that the recent inclement weather will affect her travel to LCCC [*Id*. ¶ 3]. Although counsel believes the parties will have a signed plea agreement before the February 17, 2026 trial date, Defendant also requests a thirty-day trial continuance, if necessary, to allow time for the case to be resolved by a guilty plea [*Id*. ¶ 4]. The motion relates that Defendant understands his right to a speedy trial and that the time between filing this motion and a rescheduled court date will be fully excludable for

speedy trial purposes [*Id.* ¶ 5]. Counsel for the Government confirmed by email that the Government does not oppose a continuance of the plea deadline or trial date.

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs time to meet with Defendant to finalize a plea agreement and if circumstances change, will need time to prepare for trial. The Court finds that all of this cannot occur before the February 17, 2026 trial date.

The Court therefore **GRANTS** Defendant Stephone Reed's Motion to Continue Plea Deadline [**Doc. 27**] and trial date. The trial of this case is reset to **March 3, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on January 23, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Plea Deadline [**Doc. 27**] and trial date is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 3, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 23, 2026**, and the new trial date of **March 3, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 3, 2026**;

(5) the deadline for filing motions *in limine* is **February 17, 2026**, and responses to motions *in limine* or due on or before **February 24, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 17, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 20, 2026**.

**IT IS SO ORDERED.**

ENTER:

_/s/ Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge